Matter of People of the State of N.Y. v Battaglia (2020 NY Slip Op 00773)





Matter of People of the State of N.Y. v Battaglia


2020 NY Slip Op 00773


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1254 CA 18-01323

[*1]IN THE MATTER OF PEOPLE OF THE STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION AND BASIL SEGGOS, AS ACTING COMMISSIONER OF NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, PETITIONERS-RESPONDENTS,
v
PETER J. BATTAGLIA, JR., AS AN INDIVIDUAL AND CORPORATE OFFICER OF BATTAGLIA DEMOLITION INC., BUFFALO RECYCLED AGGREGATE LLC, AND BATTAGLIA TRUCKING INC., RESPONDENTS-APPELLANTS. 






COHEN & LOMBARDO, P.C., BUFFALO (KATE SULLIVAN NOWADLY OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered June 15, 2018. The order and judgment, inter alia, enjoined operation of respondents' solid waste management facility. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners, the People of the State of New York, the New York State Department of Environmental Conservation (DEC), and Basil Seggos, as acting commissioner of the DEC, commenced this proceeding pursuant to Executive Law § 63 (12) seeking, inter alia, to enjoin respondents from illegally operating a solid waste management facility and concrete crusher until required DEC permits and approvals were obtained and the facility was brought into compliance with the relevant regulations. Respondents contend that Supreme Court erred in granting the petition in part and enjoining operations at the facility until the "DEC has approved any and all required permits," and in finding respondent Peter J. Battaglia, Jr. personally liable for any and all penalties assessed against respondents. We reject those contentions and affirm the order and judgment for reasons stated in the decision at Supreme Court.
We write only to note that, contrary to respondents' contention, the court had subject matter jurisdiction over this proceeding inasmuch as the matter is ripe for judicial review. Although "[w]here the harm sought to be enjoined is contingent upon events which may not come to pass, the claim to enjoin the purported hazard is nonjusticiable as wholly speculative and abstract" (Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo , 64 NY2d 233, 240 [1984]), that is not the case here. The matter is ripe for judicial review inasmuch as petitioners seek to enjoin respondents from conduct causing a materialized harm, i.e., respondents' operation of a solid waste management facility in violation of the relevant regulations (see generally Church of St. Paul & St. Andrew v Barwick , 67 NY2d 510, 518 [1986], cert denied 479 US 985 [1986]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court